```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
YAMILE B. S.                  :    Civ. No. 3:19CV00155(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :    April 14, 2022
                              :
------------------------------x
```

**RULING ON MOTION FOR ATTORNEY'S FEES
UNDER 42 U.S.C. §406(b) [Doc. #21]**

Attorney Ivan M. Katz ("Counsel") has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b), seeking an award of attorney's fees in the amount of $14,826.25. See Doc. #21 at 1. Defendant Commissioner of Social Security Administration ("defendant" or "Commissioner") has filed a response to the motion [Doc. #22], to which Counsel has filed a reply [Doc. #23]. On March 24, 2022, defendant filed a corrected response to the motion. [Doc. #25]. For the reasons articulated below, the Motion for Attorney's Fees Under 42 U.S.C. §406(b) [**Doc. #21**] is **GRANTED, in part,** in the total amount of **$8,641.73.**

**A.  Background**

Plaintiff Yamile B. S. ("plaintiff") filed concurrent applications for Disability Insurance Benefits and Supplemental Security Income on October 3, 2016, alleging disability beginning July 8, 2016. See Certified Transcript of the

1

Administrative Record, Doc. #11, compiled on March 10, 2019, (hereinafter "Tr.") at 180-90. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ denied plaintiff benefits on April 4, 2018. See Tr. 7-32. After exhausting her administrative remedies, plaintiff, through Counsel, filed the Complaint in this case on February 1, 2019. [Doc. #1]. On April 2, 2019, defendant filed the official transcript. [Doc. #11]. Following an extension of time, on June 21, 2019, plaintiff filed her motion to reverse the Commissioner's decision, along with a statement of material facts and a supporting memorandum. [Doc. #16]. On August 19, 2019, the Commissioner filed a Motion to Affirm the Decision of the Commissioner ("Motion to Affirm"). [Doc. #18]. On January 23, 2020, the undersigned granted plaintiff's Motion to Reverse and denied the Commissioner's Motion to Affirm. [Doc. #19]. Judgment was entered on that same date. [Doc. #20].

> Counsel represents that following the remand by this Court the matter was remanded to the Office of Hearings Operations. In late December of 2020, ... the plaintiff discharged the undersigned as counsel. Counsel notified the Social Security Administration by letter dated 28 December 2020 that he withdrew as counsel for the plaintiff but that he did not waive his right to charge and collect a fee. A copy of that letter was sent to the plaintiff.

Doc. #21 at 1-2. By letter dated February 28, 2022, the Social Security Administration ("SSA") provided Counsel with "a copy of

2

a letter" sent to plaintiff. Doc. #21-1 at 1. The letter to plaintiff notified her that she was "entitled to monthly disability benefits from Social Security beginning January 2017[,]" id. at 2, in the total amount of "$59,305.00 for January 2017 through October 2021." Id. at 4. The letter states: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee." Id. The SSA withheld $14,826.25 from plaintiff's past due benefits. See id.

Counsel now seeks an award of $14,826.25 in attorney's fees pursuant to 42 U.S.C. §406(b), and in accordance with the retainer agreement executed by plaintiff on January 15, 2018. See Doc. #21-2.[1] Defendant has filed a response to the motion and contends, in pertinent part, that because Counsel did not seek attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), that "the amount of Section 406(b) fees should be reduced by the amount of the EAJA fees that would have been awarded." Doc. #25 at 6.[2] Based on the hours spent by Counsel in

---

[1] Counsel represents that a copy of his motion has been provided to plaintiff. See Doc. #21 at 5.

[2] Defendant states: "The Fee Agreement between Plaintiff and Plaintiff's Counsel requires the attorney to request EAJA fees. See Fee Agreement, Exh. A to Pl.'s Aff.) (Paragraph 2 states: '[I]f my federal court attorney wins my case in federal court ... my federal court attorney will petition for an award of attorney fees for work performed at the federal court(d) pursuant to the [EAJA].')." Doc. #25 at 4-5 (sic). The Court has carefully reviewed the Retainer Agreement attached to Counsel's

this matter, and the hourly rate in effect in 2019, defendant asserts that "the appropriate amount of Section 406(b) fees would be $8,641.73, the Section 406(b) fee requested of $14,826.25 minus the $6,184.52 EAJA award." Id. In reply, Counsel represents that on February 18, 2020, defendant offered $5,950.00 to resolve the EAJA claim. See Doc. #23 at 1. Although Counsel is "unable to ascertain why[]" an EAJA application was never filed, he asserts that "[i]n light of the Commissioner's offer" to resolve the EAJA claim for $5,950.00, that reducing the 406(b) award by that amount, will "provide[] the plaintiff with the full benefit of the EAJA application not filed." Id. at 2.

**B.  Legal Standard**

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A); see also Rodriguez v. Colvin, 318 F. Supp. 3d 653, 657 (S.D.N.Y. 2018). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for

---

motion and has not located the language quoted by defendant. See Doc. #21-2.

4

successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: "(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Sama v. Colvin,

5

No. 3:10CV01268(VLB)(TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

The third factor, which requires the Court to consider whether there has been a windfall to the attorney, has recently been clarified by the Second Circuit. See Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022) ("We today wish to make clear that the windfall factor does not constitute a way of reintroducing the lodestar method and, in doing so, to indicate the limits of the windfall factor."). When analyzing this third factor, the Court should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" id.; (2) "the nature and length of the professional relationship with the claimant — including any representation at the agency level[,]" id. at 855; (3) "the satisfaction of the disabled claimant[,]" id.; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id.

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371. "Thus, a reduction in the agreed-upon

6

contingency amount should not be made lightly[,]" Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007), and is appropriate only "when [the court] finds the amount to be unreasonable." Wells, 907 F.2d at 371.

**C.  Discussion**

Counsel states: "The undersigned, and the plaintiff, had agreed that the fees charged by the undersigned for work before the Social Security Administration and this Court would not exceed 25% of past due benefits[.]" Doc. #21 at 2; see also Doc. #21-2 at 1 (fee agreement). Counsel accordingly seeks twenty-five percent of the $59,305.00 in retroactive benefits awarded to plaintiff, for a total fee award of $14,826.25.

First, there is no evidence that the proposed fee is out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2. Counsel achieved a favorable result for plaintiff by securing a Sentence Four remand to the administrative level. See Doc. #21 at 1-2. Plaintiff thereafter obtained an award of past-due benefits, which likely would not have been possible without Counsel's efforts at the District Court level. See id.

Second, there is nothing to suggest that Counsel unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and increase his fee.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 2921661, at *2 (quotation marks omitted). Counsel spent 29.90 hours working on this case at the District Court level. See Doc. #21 at 5. The fee requested pursuant to 406(b) - $14,826.25 – translates to an hourly rate of $495.86, which is still significantly lower than other section 406(b) fee awards that have been approved in this Circuit. See, e.g., Sama, 2014 WL 2921661, at *4 (approving section 406(b) fee award at an effective hourly rate of $785.30); Joslyn, 389 F. Supp. 2d at 455-57 (approving section 406(b) fee award at an effective hourly rate of $891.61); Destefano v. Astrue, No. 05CV03534(NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving section 406(b) fee award with an hourly rate of $849.09), report and recommendation adopted, 2008 WL 2039471 (May 9, 2008). The Court finds that the fee requested pursuant to section 406(b) is reasonable and would not be a windfall to Counsel. A consideration of the factors set forth in Fields does not change this conclusion. See Fields, 24 F.4th at 854-55.

The Court's analysis, however, does not end there. Counsel admittedly failed to apply for an award of fees pursuant to the EAJA. See Doc. #25 at 5; Doc. #23 at 2. The Court is "entitled to take into account counsel's failure to timely file a

8

colorable EAJA application when determining the reasonableness of an attorney's fee application." Dorta v. Saul, No. 18CV00396(JLC), 2021 WL 776446, at *4 (S.D.N.Y. Mar. 1, 2021) (citation and quotation marks omitted). This is because

> [t]he government pays EAJA fees, and as a result, the amount of 406(b) fees paid out of the plaintiff's award is reduced by the size of the EAJA grant. In short, filing for EAJA fees saves the plaintiff money. If the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error.

Iliceto v. Sec'y of Dep't of Health & Hum. Servs., of U.S., No. 83CV02160(CPS), 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990). Courts "in this Circuit have denied a request for attorney's fees pursuant to 42 U.S.C. §406(b) because the plaintiffs failed to apply for EAJA fees." Fura v. Astrue, No. 08CV00689(TJM), 2011 WL 1541307, at *2 (N.D.N.Y. Apr. 21, 2011); see also Blair v. Colvin, No. 5:11CV00404(GLS)(GHL), 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) ("The court agrees with other courts in this Circuit that the fees should be reduced.").

"While the court does not decide whether an [EAJA] award would have been granted, an application for fees under EAJA would have been appropriate in light of the court's finding of clear administrative errors, such as the failure to develop the record[.]" Benton v. Comm'r of Soc. Sec., No. 03CV03154(ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007). Therefore, "the court takes plaintiff's attorney's failure to make what would

have been a colorable [EAJA] application into account in determining the reasonableness of his 406(b) request and, accordingly, reduces the 406(b) request by the amount obtainable under EAJA." Id.

Based on the Commissioner's calculations, the potential EAJA fees would have been $6,184.52. See Doc. #25 at 6. Counsel responds, in pertinent part, that "on February 18, 2020 [defendant] offered $5,950 to resolve the EAJA claim," Doc. #23 at 1, and in light of that offer, Counsel "suggests that a reduction of $5,950.00 is appropriate, resulting in an award of attorney's fees under 42 U.S.C. §406(b) of $8,676.00." Id. at 2. Counsel, however, did not accept this offer.

The Court will reduce the 406(b) award by the "maximum amount that counsel could have received had he applied for and been granted fees under the EAJA." Gallo v. Astrue, No. 10CV01918(JG), 2011 WL 5409619, at *1 (E.D.N.Y. Nov. 8, 2011); see also Dorta, 2021 WL 776446, at *3-4 (Although the Commissioner offered to resolve the EAJA fees for $7,700, the Court nonetheless reduced the 406(b) award by "the amount [counsel] could have recovered if he had timely applied for EAJA fees ($11,803.77)." (footnote omitted)). This ensures that plaintiff does not bear the burden of Counsel's error.

The Court accepts the Commissioner's calculation as an accurate total of EAJA fees that Counsel would have recovered

10

had he applied for an award of EAJA fees. See Doc. #25 at 2.[3] Accordingly, the Court reduces Counsel's section 406(b) fee of $14,826.25 by $6,184.52, for a final attorney's fee of $8,641.73.

**D.   Conclusion**

For the reasons set forth herein, the Motion for Attorney's Fee Under 42 U.S.C. §406(b) [**Doc. #21**] is **GRANTED, in part,** in the total amount of **$8,641.73.**

Attorney Katz shall provide a copy of this Ruling to plaintiff at her last known mailing or email address.

SO ORDERED at New Haven, Connecticut this 14th day of April, 2022.

_____/s/_____<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES DISTRICT JUDGE

---

[3] Counsel does not dispute this calculation.